Needham *v.* Webb.

---

## NEEDHAM *v.* WEBB.

PRACTICE.—Suit to set aside a conveyance of land to a married woman, on the ground that it was fraudulent, and made for the purpose of securing said property from the creditors of her husband, and that her husband paid for it. Separate answer by the married woman, in fifteen paragraphs, the last of which alleged that the real estate was purchased with the proceeds of the sale of other real estate held by her in her own right, and that the deed therefor was made to her with the knowledge, consent, approval and advice of the plaintiff. Replies to each paragraph but the last, and none to that.

*Held*, 1. That the failure to reply thereto was an admission of the facts therein pleaded, and entitled her to a judgment on the pleadings, and if, upon the trial, there had been a verdict for the plaintiff, she would have been entitled, upon a proper motion, to a judgment *non obstante veredicto*.

2. That, as the verdict on the trial was in her favor, the same must be sustained by reason of said admission, although she failed, at the proper time, to move for a judgment on the pleadings.

APPEAL from the *Johnson* Circuit Court.

HANNA, J.—Suit to set aside the title held by *Sarah A. Webb* to certain lands, and subject the same to executions held by the plaintiff against *Henry W. Webb*, formerly the husband of said *Sarah*, and who was made a defendant with her.

The complaint charged fraud in the transaction by which the title was vested in her, and that said land was paid for by said *Henry*.

There were fifteen paragraphs in the answer of said *Sarah*, which allege, among other things, that said *Henry*, who failed to answer, had fraudulently combined with said plaintiff, and suffered judgment in his favor against him, said *Henry*, when in fact there was no indebtedness; that the land was paid for by her out of her own money; that said judgments against said *Henry* had been paid; that on, &c., whilst said *Henry* was solvent, and worth a large amount, to-wit: 6,000 dollars' worth of property, he sold certain lands, in the deed to which she refused to join; that thereupon he agreed with her that 1,300 dollars should be vested in the purchase of a house and lot in *Franklin*, in her name and for her use, which was done, &c.; and 1,000 dollars was to be paid to her for her own use; that a note was given therefor, and with her consent afterward collected and invested in *Iowa* lands in her name; that said amount and proceeds of said house were continually vested in the lands now in controversy, &c.

The fifteenth paragraph is, that the land was purchased with the proceeds of the house in *Franklin*, held and owned by her in her own right; that said house and land were purchased for and in her name, with the knowledge, consent, approval and advice of the plaintiff, &c.

There was a reply to the answer of the defendants by paragraphs, except the fifteenth, to which no reply was filed. Trial, general verdict, and finding of special facts for defendant, *Sarah*. Motion for a new trial overruled; judgment, &c.

Needham *v.* Webb.

The motion for a new trial is based upon erroneous rulings touching the introduction of evidence, and in giving and refusing instructions.

Before we proceed to consider the points made upon these rulings, we will notice a question raised on the failure to reply to the fifteenth paragraph of the answer. It will be recollected that the complaint charged that the land was conveyed to the female defendant with the intention of fraudulently preventing the collection of debts as against said *Henry,* &c. Was the failure to reply to the said fifteenth paragraph of the answer an admission of the truth of the facts therein stated? and, if yea, what is the effect?

It is suggested that the failure to reply can not benefit the defendant as no motion was made to take a judgment on the pleadings. To this it is answered, that such motion was not necessary in view of the verdict in favor of the same party who might have made such motion.

It appears to us that if there had been a verdict for the plaintiff, he could not have taken a judgment thereon, in view of the proper objection, if taken, as to the pleadings; but let this be as it may, certainly in this instance, where the judgment upon the pleading, upon a motion therefor, would be to the same general effect as that upon the verdict; we are of opinion that the plaintiff can not avail himself of his failure to complete the issue on said paragraph, but by such failure admitted the matters there set forth; as such admission goes to the very substance in controversy, and as judgment on a motion, based on the pleadings, if made, would have been in accordance with that given by the Court, we shall not enter into an examination of the various errors assigned.

*Per Curiam.*—The judgment is affirmed, with costs.

*T. W. Woolen,* for the appellant.

*F. M. Finch, G. M. Overstreet* and *A. B. Hunter,* for the appellee.